The Honorable Geoffrey Monge Sheriff, Sarasota County Post Office Box 4115 Sarasota, Florida 34230-4115
Dear Sheriff Monge:
You ask substantially the following question:
What information in a criminal history record is subject to expungement and to what extent must the record be obliterated or destroyed in order to satisfy the requirements of section943.0585, Florida Statutes?
In sum:
Information formalizing the petitioner's criminal history, such as an arrest, detention, indictment, information, or other formal criminal charge and the disposition thereof, would be subject to expungement under section 943.0585, Florida Statutes.
Section 943.0585, Florida Statutes, recognizes the jurisdiction of the courts of this state over the maintenance, expunction, and correction of judicial records containing criminal history information. Any court of competent jurisdiction may order a criminal justice agency to expunge the criminal history record of a minor or an adult who complies with the requirements of section943.0585, Florida Statutes.
You indicate that over the years agencies have begun expunging all of the records pertaining to a criminal case, including investigative reports. For instance, you state that in a murder investigation, a suspect who is arrested but not prosecuted may comply with the statutory requirements to request and receive an order of expunction. Such order may direct the criminal justice agency to expunge the criminal history record in the case pertaining to the suspect. Law enforcement agencies in some instances have interpreted the order to require the destruction of criminal investigative files, leaving the agency with no record of the investigation. While this office does not offer a legal interpretation of specific court orders, it may interpret the requirements of Chapter 943, Florida Statutes, relative to the expungement of criminal history records.
For purposes of section 943.0585, Florida Statutes, "[c]riminal history record" means "any nonjudicial record maintained by a criminal justice agency containing criminal history information."[1] Section 943.045(4), Florida Statutes, defines "[c]riminal history information" as:
"information collected by criminal justice agencies on persons, which information consists of identifiable descriptions andnotations of arrests, detentions, indictments, informations, orother formal criminal charges and the disposition thereof. The term does not include identification information, such as fingerprint records, if the information does not indicate involvement of the person in the criminal justice system." (e.s.)
"Expunction of a criminal history record" means
"the court-ordered physical destruction or obliteration of a record or portion of a record by any criminal justice agency having custody thereof, or as prescribed by the court issuing the order, except that criminal history records in the custody of the department must be retained in all cases for purposes of evaluating subsequent requests by the subject of the record for sealing or expunction, or for purposes of recreating the record in the event an order to expunge is vacated by a court of competent jurisdiction."[2]
Thus, the information that must be expunged is information maintained by the criminal justice agency identifiable to the individual's arrest, detention, indictments, informations, or other criminal charges and the disposition thereof. It does not appear that records in a criminal investigation that may incidentally identify an individual who has successfully sought expungement of his or her criminal history record must be destroyed or obliterated. To interpret expungement of records to include the criminal investigation would defy common sense in that the crime does not disappear just because an individual who was charged with it is not convicted. Further investigation may be necessary, and there is no basis in the law to force a criminal justice agency to reconstruct a criminal investigation anew as a consequence of an alleged perpetrator having had his or her criminal history record expunged. Moreover, destroying a criminal investigative file may run afoul of the due process requirements set forth in the United States Supreme Court's decision in Bradyv. Maryland[3] and its progeny.[4] Under the Brady decision, the prosecution is under an obligation to divulge potentially exculpatory evidence. In this instance, information contained in the investigative file, such as the name of an individual who was arrested, would be potentially exculpatory evidence that must be disclosed to the defense. Any action that would compromise the prosecution's ability to abide by this requirement would be constitutionally suspect.
In Rule 3.989, Florida Rules of Criminal Procedure, the form provided for an "Order to Expunge" contains the following language:
"ORDERED AND ADJUDGED that _____________(arresting agency) shall expunge all information concerning indicia of arrest or criminalhistory record information regarding this petitioner in accordance with the procedures set forth in section 943.0585, Florida Statutes, and Florida Rule of Criminal Procedure 3.692." (e.s.)
In light of the definition of criminal history information referenced in section 943.045(4), Florida Statutes, above, the language used in Rule 3.989, Florida Rules of Criminal Procedure, and the constitutional parameters laid down in Brady, it would appear that only those records maintained to formalize the petitioner's arrest, detention, indictment, information, or other formal criminal charge and the disposition thereof would be subject to expungement under section 943.0585, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 943.045(18), Fla. Stat. Section 943.045, Fla. Stat., provides the definitional section for words and phrases used in ss. 943.045-943.08, Fla. Stat.
[2] Section 943.045(13), Fla. Stat.
[3] 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
[4] See, United States v. Agurs, 427 U.S. 97, 107,96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) (duty to disclose such evidence is applicable even though there has been no request by the accused);United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375,87 L.Ed.2d 481 (1985) (duty to disclose encompasses impeachment evidence as well as exculpatory evidence); Kyles v. Whitley,514 U.S. 419, 437-438, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (rule encompasses evidence "known only to police investigators and not to the prosecutor[;]" individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in this case, including the police).